The State v. Quaife.

---

THE STATE (C. VAN VORST, PROSECUTOR,) v. QUAIFE (COL-LECTOR OF VAN VORST TOWNSHIP.)

1. The court, on *certiorari*, will revise the assessment of taxes, so far as to correct an assessment made upon erroneous principles, but they will not review the judgment of the assessor or of the commissioners of appeals on the mere valuation of property. On that the judgment of the commissioners of appeals is by statute final and conclusive.

2. Where one tax alone is illegally assessed, if it is assessed separately it will be set aside, and the residue of the assessment confirmed.

*Certiorari* to S. Quaife, collector of the township of Van Vorst, in the county of Hudson.

This *certiorari* was issued to bring up the assessment of tax in that township against Van Vorst, the prosecutor of the writ, for the year 1849. The return contains a schedule of the taxes upon his property, the county tax, school tax, &c., being separately assessed. Affidavits were taken, on behalf of the prosecutor, to support the reasons assigned for setting aside the assessment. Argued before Justices NEVIUS and CARPENTER.

*Zabriskie*, for plaintiff.

The assessment was made upon illegal principles. The rate at which improved property was taxed was at two-thirds of its actual value, while the unimproved and unproductive property was taxed at its full value. The assessor, before elected, promised that he would assess the meadow lots higher than before, which goes to show that the assessment was deliberately unfair.

VOL. III.                    F

2. The commissioners of appeal illegally refused or neglected to hear testimony on the appeal by the prosecutor.

3. The school tax is part of the assessment, and is obviously illegal. The court cannot reverse in part and affirm in part.

*J. D. Miller*, contra.

CARPENTER, J., delivered the opinion of the court.

Depositions have been taken to support the reasons assigned for reversal. They contain a mass of testimony in regard to the value of the prosecutor's taxable property, and the rate at which he has been taxed, and particularly in regard to unimproved town lots in the township of Van Vorst. There is some conflict in the testimony, and perhaps the evidence is sufficient to induce us to believe the prosecutor has been heavily taxed in regard to his unimproved lots. Admitting this, the answer must be, that we are not intrusted with the duty of revising the valuation of the assessor or the judgment of the commissioners of appeal. At common law, the province of the writ of *certiorari*, by which this court exercises its general supervisory jurisdiction over inferior tribunals, is to correct the errors of law of such tribunals, not to review the merits of their decisions. But, by the very words of the statute, the decision of the commissioners of appeal in cases of taxation is final. *Rev. Stat.* 1014, § 48.

It is true that the court is not deprived by the words of the act of its general supervisory jurisdiction, which can only be taken away by express words. *State* v. *Falkinburge*, 3 *Green* 322.

But it is still equally true that the writ is granted upon matter of law only, and the examination of the proceedings of the commissioners is upon the law, and not upon the fact. If an assessment is made, and sustained upon erroneous principles, the error, if made manifest, may be corrected, but this court cannot revise the judgment of the commissioners upon the mere ground of an excess of valuation.

But it has been urged that the results show that the assessment was made and sustained upon erroneous principles. If the tax assessed upon the prosecutor was so greatly exorbi-

tant as to show gross partiality, or to be persuasive evidence of corruption and fraud, perhaps the position might be sustained. This we take to be the only aspect in which it would be proper for the court to examine into the amount of the assessment, and to consider its reasonableness in reference to the value of the property taxed. But no such case is set up, or, at any rate, no such case can be made out upon the testimony. In fact the complaint, in regard to this point of the case, is reduced to this, that the assessment upon the meadow or other unimproved lots was too high, and that the commissioners refused to reduce it; to prove which affidavits have been taken as to the value of the property assessed, and the rate of taxation, as compared with that upon others. To enter upon this examination, hence to infer that the taxation, if too high, must have been upon erroneous principles, would be to review the judgment of the commissioners, as to the merits of the assessment, in the very face of the statute, which says their judgment shall be conclusive.

It has been urged, as some evidence, that the assessment was unfairly made, that the assessor, before he was elected, in a printed card addressed to the voters of the township, promised that he would assess the *meadow* lots at a much higher rate than they had been previously assessed at. But whatever inference this might possibly authorize against the assessor, it cannot affect an assessment which has since received the sanction of the commissioners of appeal.

The allegation, that the commissioners of appeal refused to hear testimony, offered by the prosecutor on the appeal, which has been assigned as error, we do not find to be sustained by the testimony.

The last reason urged is, that a part of the assessment, to wit, that which relates to the school tax, is manifestly illegal. For the reasons given in the preceding case of *The State* v. *Kingsland,* we hold this exception to be well taken. But the school tax is separately assessed, and may be set aside on this proceeding without affecting the rest of the assessment.

Let so much of the assessment upon the property of the prosecutor as relates to the school tax be set aside.

CITED *in State* v. *Powers,* 4 *Zab.* 407; *State* v. *Lord,* 2 *Dutch.* 142.